UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA  :

v.  :  CASE NO. 3:07CR292(EBB)

DARRYL LEWIS  :

## MEMORANDUM RE ORDER ON MOTION TO DISMISS INDICTMENT

On September 14, 2009, the court dismissed the indictment in this case on speedy trial grounds [doc. # 20]. The court now sets forth the reasons warranting the without prejudice dismissal.

The Speedy Trial Act provides that "in determining whether to dismiss the case with or without prejudice, the court shall consider, among other things, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice." 18 U.S.C. § 3162(a)(1). In addition, the court must consider the prejudice suffered by the defendant as a result of the delay. United States v. Taylor, 487 U.S. 326, 334 (1988).

The court considered and weighed all of these factors in determining that dismissal without prejudice was appropriate here. Specifically, the crime with which the defendant was charged is serious; the delay was lengthy, but not egregiously so; there was no pattern of dilatory conduct, bad faith, or

lackadaisical attitude on the part of the government; and the defendant did not establish that he was prejudiced by the delay.

<u>Seriousness of Crime Charged</u>

First, it is undisputed that the defendant was charged with a very serious crime. The indictment charged him with conspiracy to manufacture, to possess with intent to distribute, and to distribute more than 1 kilogram of phencyclidine ("PCP"), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(c)(1), and 841(b)(1)(A)(iv). The seriousness of the charges is reflected in the ten-year mandatory minimum and lifetime maximum sentence which the defendant faced if he were convicted. Thus, this factor weighed in favor of dismissal without prejudice. <u>United States v. Wilson</u>, 11 F.3d 346, 353 (2d Cir. 1993); <u>United States v. Munlyn</u>, 607 F. Supp.2d 394, 399 (S.D.N.Y. 2009).

<u>Facts and Circumstances</u>

The facts and circumstances leading to the dismissal, including the length of and reasons for the delay and the government's conduct, also supported dismissal without prejudice.

The unexcused delay of approximate 16-months,[1] while not

---

[1]According to the court's calculations, 620 days elapsed from the date the speedy trial clock began to run (doc. #20, arraignment, 12/19/07) to the date the motion to dismiss was filed (doc. #42 filed 9/3/09). The clock was tolled for a total of 49 days pursuant to 18 U.S.C. § 3161(h)(1)(F), i.e., 2 days, from 1/9/08 (motion [#21] filed) to 1/10/08 (order on motion [#22]); 8 days, from 1/15/08 (motion [#24] filed) to 1/22/08

2

trivial or insubstantial, is not dispositive.  It is also not of such a magnitude as to offend the purpose and spirit of the act, especially in light of the particular circumstances of this case. Cf. United States v. Stayton, 791 F.2d 17, 20 (2d Cir. 1986); see United States v. Simmons, 786 F.2d 479, 485 (2d Cir. 1986) (noting that where the crime charged is serious, dismissal with prejudice is generally appropriate only when there is serious delay).

The reasons for the delay also weighed in favor of allowing reprosecution.  The fact that the defendant is now represented by his fourth court-appointed attorney, the others having withdrawn voluntarily or on motion of the defendant, was a major cause of the delay.  In addition, the record shows that the dates set for jury selection and trial were postponed two times at the request of the defendant so that he could have additional time to conduct a pretrial investigation and to review the discovery produced by the government.  See United States v. Abad, 514 F.3d 271, 274 (2d Cir. 2008) (considering the defendant's need to review discovery material as a valid reason for speedy trial delay).  Notably, the government never sought a continuance.  But the most significant reason for the delay was the ongoing efforts undertaken by the

---

order on motion [#25]); 36 days, from 3/3/08 (motion [#28] filed) to 4/9/08 (order on motion [#34]); and 13 days, from 8/21/09 (motion [#40] filed) to 9/3/09.  Subtracting the 70 days allowed by the act results in an unexcused delay of 501 days.

3

defendant, his counsel(s), and the government to resolve the case without trial, by plea bargain or otherwise. This factor favored dismissal without prejudice. See e.g., United States v. Mancuso, 302 F. Supp.2d 23, 32 (E.D.N.Y. 2004); cf. United States v. Lucky, 569 F.3d 101, 107 (2d Cir. 2009) (noting that several other circuits have found that plea negotiations can trigger the automatic exclusion under § 3161(h)(1), but that the Second Circuit was "not yet convinced" that such negotiations fit into the "other proceedings" language of the act).

Moreover, there is no evidence nor allegation that the government's conduct was more than "an isolated unwitting violation." United States v. Wells, 893 F.2d 535, 539 (2d Cir. 1990). There was no government misfeasance or misconduct, nor is there a pattern of dilatory practices by the U.S. Attorney's Office in this District. The absence of facts establishing a neglectful or lackadaisical attitude or bad faith on the part of the government further showed that dismissal without prejudice was appropriate. See Wilson, 11 F.3d at 353.

Impact of Reprosecution

The administration of justice and the administration of the statute are both served by allowing the government to reprosecute the defendant. A dismissal without prejudice is "not a toothless sanction." Taylor, 487 U.S. at 342. The interests of the Act are adequately served by requiring the government to seek another

4

indictment. The administration of justice would be impacted in a negative way if the government were not allowed to bring the defendant to trial on the serious charges against him. See United States v. Kiszewski, 877 F.2d 210, 214 (2d Cir. 1989) (allowing reprosecution where crime was serious because doing so "would on balance, have a favorable impact on the administration of justice").

Prejudice to the Defendant

The defendant's failure to show prejudice from the delay is another factor the court considered in granting the motion without prejudice. The defendant did not contend that his ability to mount a defense was prejudiced - indeed, he asked for additional time to investigate and prepare his case. See United States v. McCrudden, 222 F. Supp.2d 352, 355 (E.D.N.Y. 2002) (finding no prejudice where the defendant made no claim that his ability to defend himself was adversely affected by the delay). He also did not show that the delay exacerbated the anxiety otherwise inherent in the process.

Moreover, during the entire period of delay, while the defendant was involved in plea and other negotiations with the government, he never asserted a speedy trial violation. He only did so when he thought it would benefit him strategically. It is difficult to find prejudice where the act's protection is invoked for such an opportunistic purpose. See United States v. Vasquez,

5

918 F.2d 329, 337 (2d Cir. 1990) (noting that the act is not meant to give gamesmanship priority over the practicalities of trial management); Williams v. United States, 123 F. Supp.2d 100, 104 (E.D.N.Y. 2000); see also United States v. Siembida, No. 05cr366, 2007 WL 4267192, *3 (S.D.N.Y. Dec. 3, 2007) (finding no prejudice to defendant where his actions demonstrated a desire to take as much time as was necessary to persuade the government that he was a good candidate for a favorable plea agreement).

In sum, the serious nature of the crimes charged, the absence of bad faith or a pattern of neglect by the government, the absence of prejudice to the defendant, and the impact on the administration of justice and the Speedy Trial Act all supported dismissal of this case without prejudice.

Dated this 7th day of October, 2009 at New Haven, Connecticut.

/s/ Ellen Bree Burns, S.U.S.D.J.
_____
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

6